[Docket No. 1]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DAVID C. LETTIERI,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DISCIPLINE HEARING OFFICER, et al.,<br><br>　　　　　Defendants. | Civil No. 25-14809 (RMB-SAK)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon the filing of an application to proceed *in forma pauperis* ("IFP") by *pro se* Plaintiff David C. Lettieri ("Plaintiff"). [Docket No. 1-1 ("Pl. IFP").] Plaintiff, a convicted and sentenced federal prisoner confined at Federal Medical Center Devens in Ayer, Massachusetts, filed this *pro se* prisoner civil rights matter without paying the $350 filing fee and $55 administrative fee nor did he alternatively submit a properly completed application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a).

28 U.S.C. § 1915(a) provides, in relevant part (emphasis added):

> (1) Subject to subsection (b), any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees . . . by a person who submits an affidavit that includes **a statement of all assets** such prisoner possesses that the person is unable to pay such fees . . . . Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> (2) A prisoner seeking to bring a civil action . . . without prepayment of fees . . . in addition to filing the affidavit filed under paragraph (1), shall submit **a certified copy** of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing

of the complaint or notice of appeal, **obtained from the appropriate official of each prison at which the prisoner is or was confined.**

In its current state, Plaintiff's IFP application lacks the necessary information the Court requires to determine whether he is economically eligible to proceed IFP. Plaintiff does not list the balances of his institutional, checking, savings, or any other account and instead, writes "I don't know." [Pl. IFP at 3.] Plaintiff proffers the same response when asked the value of any real estate he owns, although he lists three separate addresses. *Id.* Similarly, Plaintiff states he does not know the total amount of debt he holds, despite listing three creditors while claiming the monthly payment amount to be zero dollars. *Id.* Plaintiff also failed to include a trust account statement, certified by the appropriate official from the prison. 28 U.S.C. § 1915(a)(2).

For the Court to determine whether Plaintiff is economically eligible to proceed IFP, he must submit a new IFP application with greater detail. In his new application, Plaintiff must list his expenses, liabilities, and include a certified trust account statement. Without such information, the Court cannot conclude that Plaintiff is eligible to proceed IFP and must, therefore, deny his application and administratively terminate this action. 28 U.S.C. § 1915(a).

Plaintiff may reopen this action if he timely submits a properly completed IFP application or pays the $405.00 filing and administrative fees. Plaintiff should be aware that, even if granted IFP status, he must pay the $350 filing fee in installments, as funds become available in his prison trust account for each civil action, regardless of whether the complaint is dismissed. S*ee* 28 U.S.C. § 1915(b)(1). Therefore,

**IT IS** on this **3rd** day of **February**, **2026**,

1.  **ORDERED** that the Clerk of the Court shall **ADMINISTRATIVELY TERMINATE** this action, without filing the complaint or assessing a filing fee; Plaintiff is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar [two years for § 1983 claims in New Jersey, subject to tolling principles] if originally timely filed. *See Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 n.2 (3d Cir. 2013) (describing prisoner mailbox rule generally); *Dasilva v. Sheriff's Dep't.*, 413 F. App'x 498, 502 (3d Cir. 2011) ("[The] statute of limitations is met when a complaint is submitted to the clerk before the statute runs . . . ."); and it is further

2.  **ORDERED** that the Clerk of the Court shall send Plaintiff a blank "Affidavit of Poverty and Account Certification ('Civil Rights')" form; and it is further

3.  **ORDERED** that if Plaintiff wishes to reopen this matter, he shall so notify the Court, in writing, addressed to the Clerk of the Court, Mitchell H. Cohen Building & U.S. Courthouse, 4th & Cooper Streets, Camden, NJ 08101, within 30 days of the date of entry of this Order; Plaintiff's request to reopen this matter shall include either (1) a properly completed IFP application including a certified copy of his inmate trust account; or (2) the $405 filing fee. Upon timely receipt of the above, this Court will direct the Clerk of the Court to reopen this matter; and it is finally

4.  **ORDERED** that the Clerk of the Court shall serve a copy of this Order upon Plaintiff by regular U.S. mail.

                                         **s/Renée Marie Bumb**
                                         RENÉE MARIE BUMB
                                         Chief United States District Judge